129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William BIONDI and Wanda Biondi, Plaintiffs-Appellees,
v.
CITY of Berwyn, et al., Defendants-Appellants.
 No. 97-2538.
 United States Court of Appeals, Seventh Circuit.
 Submitted September 19, 1997.
Decided September 25, 1997.
Rehearing Denied Oct. 10, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before POSNER, C.J., FLAUM and EASTERBROOK, Circuit Judges.
 
 MORAN
 Order
 
 1
 Plaintiffs filed this suit under 42 U.S.C. § 1983, seeking damages for the three arrests and detentions (without his heart medicine) of plaintiff William Biondi. The district court granted this motion in substantial part but concluded that allegations concerning medical care following one of the arrests, and the existence of probable cause for a second arrest, survived the motion to dismiss. Those defendants who had not completely prevailed immediately filed an appeal, purportedly on the authority of Mitchell v. Forsyth, 472 U.S. 511 (1985).
 
 
 2
 Plaintiffs ask us to dismiss this appeal, relying principally on Johnson v. Jones, 515 U.S. 304 (1995), which stresses that qualified immunity protects public employees against the consequences of legal uncertainty, and that an interlocutory appeal therefore depends on a showing of legal rather than factual uncertainty. A contention that the defendants did not violate the Constitution is not by itself enough to justify an interlocutory appeal, Johnson concludes.
 
 
 3
 Challenged by the plaintiffs to show how their appeal can be reconciled with Johnson, defendants elected to file a response that does not so much as cite Johnson. That is hardly a winning strategy--and neither is their remark that plaintiffs' best quotation is "from Justice Brennan's descent" (response at 4 n. 1), for they do not tell us how low they think Justice Brennan has sunk. What they do say, indeed what they put in boldface, is that: "These defendants are asking this Court to evaluate the sufficiency of Plaintiff's [sic] factual allegations." In other words, they do not seek protection from legal uncertainty; they want to take an interlocutory appeal to present an argument under Fed.R.Civ.P. 12(b)(6) that the complaint fails to state a claim. Johnson establishes that this is not the province of the interlocutory appeal authorized by Mitchell.
 
 
 4
 The appeal is dismissed for want of jurisdiction.